IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| Julie Maynard, Inc., | ) | |
|---|---|---|
| Plaintiff, | ) | Case No.: 3:19-cv-238 |
| v. | ) | Judge Thomas M. Rose |
| Whatever It Takes Transmissions and Parts, *et al.* | ) | |
| Defendants. | ) | |

**ENTRY AND ORDER GRANTING DEFENDANTS DUVALL, PETERS, HAMMOCK, CASEY AND REDDEN'S MOTION TO DISMISS ALL CLAIMS AGAINST THEM, ECF 5, AND DENYING PLAINTIFF'S MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447(c). ECF 8.**

Pending before the Court are Defendants Duvall, Peters, Hammock, Casey and Redden's Motion to Dismiss All Claims Against Them, ECF 5, and Plaintiff's Motion to Remand Pursuant to 28 U.S.C. § 1447(c). ECF 8. Plaintiff asserts that claims for tortious interference may be brought against a director of a corporation in certain circumstances. Defendants assert this is not properly pleaded, requiring the dismissal of Defendants who are corporate officers and rendering claims against the corporate director a fraudulent joinder to defeat diversity jurisdiction.

**I.     FACTUAL AND PROCEDURAL HISTORY**

On October 12, 2012, Plaintiff Julie Maynard, Inc., doing business as Consolidated Vehicle Converters, and Defendant Whatever It Takes Transmissions & Parts Inc. entered into a Memorandum of Understanding pursuant to which Whatever It Takes would purchase converters from Consolidated Vehicle Converters for a period of ten years. (Compl., ¶ 12; Ex. A). On July 12, 2019, Plaintiff filed this lawsuit against Whatever It Takes, alleging that Whatever It Takes breached the Memorandum of Understanding "by failing to purchase the required amount of

1

converters from Plaintiff Consolidated Vehicle Converters" without "legal excuse." (Compl., ¶ 17).

Count Four of Plaintiff's Complaint alleges a claim for tortious interference with the Memorandum of Understanding against Individual Defendants Duvall, Peters, Hammock, Casey and Redden. Plaintiff alleges that these Individual Defendants "all currently sit on the Board of Directors for Defendant Whatever It Takes," that Peters is its President, and Hammock is its Vice President. (Compl., ¶ 32). Plaintiff further asserts that because the Individual Defendants were on the Board, that they knew about the Memorandum of Understanding, and that Duvall was "intimately familiar" with the Agreement because he drafted it. (Compl., ¶¶ 33-34). Plaintiff claims that the Individual Defendants wrongfully interfered with the Memorandum of Understanding by having Defendant Whatever It Takes "purchase converters from another company in Chicago and not purchase enough converters from Plaintiff Consolidated Vehicle Converters to meet the 2012 standards as required by the contract, for the purpose of creating financial distress for Plaintiff Consolidated Vehicle Converters to make it vulnerable to purchase at a distress sale price." (Compl., 35).

The Complaint does not allege that any of the Individual Defendants acted for their own personal benefit; rather, the Complaint alleges that the Individual Defendants were on the Board of Directors for Whatever It Takes, and were acting on behalf of Whatever It Takes by having it purchase converters from another source. (Compl., ¶¶ 32-35)

## II. STANDARD OF REVIEW

A court may dismiss a pleading for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

2

U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Thus, to satisfy the pleading standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must include "allegations plausibly suggesting (not merely consistent with)" the plaintiff's entitlement to relief. Id. at 557. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678.

### III. ANALYSIS

Under Ohio law, to recover for a claim of intentional interference with a contract, a plaintiff must show: "(1) the existence of a contract, (2) the wrongdoer's knowledge of the contract, (3) the wrongdoer's intentional procurement of the contract's breach, (4) the lack of justification and, (5) resulting damages." *Kenty v. Transamerica Premium Ins. Co.*, 72 Ohio St.3d 415, 650 N.E.2d 863, 866 (1995); *Dorricott v. Fairhill Center for Aging*, 2 F.Supp.2d 982, 989 (N.D. Ohio 1998)(citing *Kenty*, 650 N.E.2d at 866); *Fred Siegel Co., L.P.A. v. Arter & Hadden*, 85 Ohio St.3d 171, 707 N.E.2d 853, 855 (1999). Put another way, interference with a contract "requires an actor to improperly interfere with the performance of a contract between two other persons." *Tiger, Inc. v Time Warner Entertainment Co., L.P.*, 26 F. Supp. 2d 1011, 1019 (N.D. Ohio 1998)(citing, *Miller v. Wikel Mfg. Co.*, 46 Ohio St.3d 76, 79, 545 N.E.2d 76 (1989)).

Because tortious interference requires interference by a third party, "[a]n essential element of the tort is interference by someone who is not a party or agent of the party to the contract or relationship at issue." *Erebia v. Chrysler Plastic Products Corp.*, 891 F.2d 1212, 1216 (6th Cir. 1989); See also, *Condon v. Body, Vickers & Daniels*, 99 Ohio App. 3d 12, 22, 649

N.E.2d 1259 (8th Dist. 1994)(law firm office manager was not a "third party subject to liability for tortiously interfering with a contract to which the Firm was a party."); *Castle Hill Holdings, LLC v. Al Hut, Inc.*, 2006-Ohio-1353, ¶ 47, 2006 WL 726911, *6 (8th Dist. Mar. 23, 2006) ("It is axiomatic that the wrongdoer must be a non-party to the contract. . . Thus, it is generally established that corporate officers are not capable of interfering with contracts to which their principal is party.")(internal citations omitted).

Accepting the allegations of the Complaint as true, the Individual Defendants were on the Board of Directors for Whatever It Takes, and were acting on behalf of Whatever It Takes by having it purchase converters from another source. (Compl., ¶¶ 32-35). Thus, on the face of the Complaint, the Individual Defendants, acting in their capacities as Directors of Whatever It Takes, are not strangers to the Memorandum of Understanding. As a matter of law, they cannot be liable for interfering with it.

Moreover, "[o]fficers, directors, and creditors of a corporation have a privilege to interfere with contracts in furtherance of their legitimate business interests." *Doricott v. Fairhill Center for Aging*, 2 F. Supp. 2d 982, 989 (N.D. Ohio 1998)(citing, *Kenty*, 650 N.E.2d 863); See also, *Candem Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc.*, 862 F.2d 597, 601 (6th Cir. 1988); *Scanlon v. Gordon F. Stofer & Bro. Co.*, Cuyahoga App. Nos. 55467, 55472, 1989 WL 69400, *10 (June 22, 1989) ("a corporate officer, director, and employee of a contracting party, while acting within the scope of his position or employment, is immune from suit for a claim of tortious interference with a contract"). Thus, to prevail on a claim for tortious interference against an officer or director, the plaintiff must show that the officer or director was acting outside of his capacity of a corporate agent. *Doricott*, F.Supp.2d. at 990; See also, *Bhan v. Battle Creek Health Sys.*, 579 F. App'x 438, 445 (6th Cir. 2014)("Corporate agents cannot be liable for

tortious interference with the corporation's contracts or business relationships unless they acted solely for their own benefit with no benefit to the corporation."). Here, Plaintiff expressly alleges that the Individual Defendants were acting on behalf of Whatever It Takes "by having Defendant Whatever It Takes purchase converters from a company in Chicago. . ." (Compl., ¶ 35). The acts of interference alleged by Plaintiff would directly benefit Whatever It Takes. Plaintiff does not allege that any of the Individual Defendants acted for their own benefit with no benefit to the corporation. Thus, Plaintiff's claim fails as a matter of law.

**Motion to Remand**

Defendant had removed the case from Montgomery County Court of Common Pleas, asserting that Plaintiff, an Ohio resident, joined Defendant Alan Duvall – also an Ohio resident – in an effort to defeat diversity and prevent Defendants' removal of this case to this Court. Consolidated Vehicle Converters alleges a single claim for tortious interference with the Memorandum of Understanding against Duvall.

As previously discussed, Duvall is a member of the Board of directors of Whatever It Takes, and there is no allegation that Duvall took actions for his own personal benefit and to the detriment of the corporation. Accordingly, under Ohio law, Consolidated Vehicle Converters has no colorable claim against Duvall. His joinder in this case was fraudulent and does not defeat diversity.

A federal court has original jurisdiction over any case between citizens of different states when the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1441 (a); 1332 (a). Defendants properly removed the case on this basis. The fact that Defendant Duvall is a citizen of Ohio does not defeat diversity, because Consolidated Vehicle Converters fails to allege a colorable claim against him, and therefore he was fraudulently joined in this action. "'[F]raudulent joinder of

non-diverse defendants will not defeat removal on diversity grounds.'" *Saginaw Housing Com'n v. Bannum, Inc.*, 576 F.3d 620, 624 (6th Cir. 2009), *quoting Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999); see also, *Rose v. Giamatti*, 721 F. Supp. 906, 913 (S.D. Ohio 1989)("a plaintiff cannot... prevent a defendant from removing a case to the federal court on diversity grounds, by plaintiff's own determination as to who are the proper plaintiffs and defendants to the action."). "The primary purpose of fraudulent joinder is to ensure that plaintiffs do not avoid diversity jurisdiction by pleading illegitimate claims involving non-diverse parties." *Frey ex. rel. Mangan v. USA Truck, Inc.*, No. 2:09-CV-557, 2011 WL 672074, *2 (S.D. Ohio Feb. 16, 2011), quoting, *Taco Bell Corp. v. Dairy Farmers of America, Inc.*, 727 F. Supp. 2d 604, 607 (W.D. Ky. 2010); *Boladian v. UMG Recordings, Inc.*, 123 Fed. App'x 165, 167 (6th Cir. 2005)(fraudulent joinder of a non-diverse party will not defeat removal based upon diversity jurisdiction).

Fraudulent joinder applies where the plaintiff "joins a party against whom there is no colorable cause of action." *USA Truck*, 2011 WL 672074 at *2, quoting, *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999). Put another way, fraudulent joinder exists where it is "clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law. . ." *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 432-33 (6th Cir. 2012), citing *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994); see also, *Coyne*, 183 F.3d at 493 (where plaintiff cannot establish a cause of action against a non-diverse defendant under state law, removal is proper).

Plaintiff does not have a colorable claim for tortious interference against Duvall, and removal to this court was proper. While it is generally true that there are some circumstances under which a director can be liable for tortious interference, none of those were alleged in the Complaint; in fact, the allegations in the Complaint reflect that Duval was acting on behalf of

Whatever It Takes, among others, exclude those circumstances. Under Ohio law, because Duvall was on the Board (and not a stranger to the contract), to be liable for tortious interference, he must have committed some act outside the scope of his position, for his own personal benefit, and to the detriment of Whatever It Takes. He did not, and Consolidated Vehicle Converters' own allegations reflect that he was acting on Whatever It Takes' behalf for Whatever It Takes.

The allegation in paragraph 36 of the Complaint that Duvall "lacked legal justification or privilege," does not meet the pleading standards that he acted for his own personal benefit or to the detriment of Whatever It Takes. Conclusory allegations cannot overcome fraudulent joinder. *Miner v. Hirschback Motor Lines, Inc.*, No. 1:05CV0703, 2005 WL 1377785, *1 (N.D. Ohio June 7, 2005)("Conclusory allegations of wrongdoing or misconduct are insufficient to overcome a claim of fraudulent joinder"); see also, *Johnson v. DePuy Orthopaedics, Inc*., Case No. 1:11 dp 21813, 2012 WL 13054734 (N.D. Ohio May 30, 2012)(denying motion to remand where plaintiff failed to allege facts to sustain viable claim against non-diverse defendant); *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 392-93 (5th Cir. 2000) (defendant fraudulently joined where complaint failed to detail "any particular or specific activity, agreement, or state of mind" in support of alleged conspiracy); *Addison v. Allstate Ins. Co*., 58 F.Supp.2d 729, 734 (S.D. Miss. 1999)(plaintiff "must plead specific facts, not mere conclusory allegations" to overcome assertion of fraudulent joinder).

Consolidated Vehicle Converters contends that fraudulent joinder is inapplicable, because a "common defense" applies to some of the claims against some of the individual defendants other than Duvall. Consolidated Vehicle Converters incorrectly applies this doctrine. *Smallwood v. Illinois Cent. R. Co*., 385 F.3d 568, 576 (5th Cir. 2004), relied upon by Consolidated Vehicle Converters, states that there is no improper joinder where the same

"defense" that precludes a claim against an in-state defendant is equally applicable to diverse defendants. (Motion to Remand, Doc. No. 8, PageID 121).  However, *Smallwood* also states:

> It is urged that this application of the improper joinder doctrine undermines the purpose of diversity jurisdiction, which is to protect out-of-state defendants from local bias, the proverbial "home cooking."  But our holding today is narrow.  It applies only in that limited range of cases where the allegation of improper joinder rests only on a showing that there is no reasonable basis for predicting that state law would allow recovery against the in-state defendant and that showing is equally dispositive of all defendants.

Id. at 576.

### IV.     CONCLUSION

Because corporate officers are not capable of interfering with contracts to which their principal is party, the Court **GRANTS** Defendants Duvall, Peters, Hammock, Casey and Redden's Motion to Dismiss All Claims Against Them, ECF 5, and **DENIES** Plaintiff's Motion to Remand Pursuant to 28 U.S.C. § 1447(c). ECF 8.  Plaintiff Julie Maynard, Inc., doing business as Consolidated Vehicle Converters, and Defendant Whatever It Takes Transmissions & Parts Inc., are to submit their rule 26(f) report.

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, March 16, 2020.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE