IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| JULIE MAYNARD, INC. d/b/a CONSOLIDATED VEHICLE CONVERTERS, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 3:19-cv-238 |
| v. | ) ) | Judge Thomas M. Rose |
| WHATEVER IT TAKES TRANSMISSIONS & PARTS, INC. and TROY EAKINS, | ) ) ) | Magistrate Judge Sharon L. Ovington |
| Defendants. | ) ) | |

**STIPULATED PROTECTIVE ORDER GOVERNING DISCOVERY OF CONFIDENTIAL INFORMATION**

WHEREAS, discovery in this action involves or may involve the disclosure of trade secret or other confidential research, development, commercial, personal or private information of the parties and non-parties, and

WHEREAS, Federal Rule of Civil Procedure 26 permits the entry of an order for the protection of such information, and

WHEREAS, the parties agree that good cause exists for such an order to facilitate the exchange of information and documents in this case, it is therefore

ORDERED, that:

1. All answers to interrogatories, all answers to requests for admission, all responses to request for production of documents, all documents produced in the course of discovery, all portions of deposition or other testimony of witnesses, all deposition exhibits, and all documents produced by third parties may not be used for any purposes other than this litigation, and under no circumstances shall such information, documents or transcripts be used for any commercial,

business, competitive, or other purposes whatsoever. Nothing in this provision shall prohibit the parties from filing the documents identified herein with the Court except as may otherwise be provided in this Order.

2. In addition to the foregoing, certain information, documents or portions of transcripts designated by the producing party as "CONFIDENTIAL" may not be used or disclosed by the parties to the action, their officers, agents, servants, employees, and attorneys, or any persons identified in Paragraph 4 below for any purposes whatsoever other than preparing for and conducting the litigation or other legal proceeding in which the information or documents were disclosed (including any appeals).

3. The producing party shall designate information or documents which it in good faith believes require the protections of this Order as "CONFIDENTIAL." The party making a witness available for a deposition or other testimony shall designate such testimony which it in good faith believes require the protections of this Order as "CONFIDENTIAL" either (a) when the deposition or testimony is given or (b) within thirty (30) days after the party's receipt of the transcript of the deposition or other testimony.

4. The parties and counsel for the parties shall not disclose or permit the disclosure of any confidential documents or information to any other person or entity, except that disclosures may be made in the following circumstances:

a. Disclosure may be made to counsel and employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit or assisting such employees. Any such employee to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

    b. Disclosure may be made to a party or to employees of a party only as required in good faith for the sole purpose of providing assistance in the conduct of the litigation in which the information was disclosed. Prior to disclosure to a party or to employees of a party, such person must agree to be bound by the terms of this Order.

    c. Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporters or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this Order.

    d. Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any such expert, the expert must be informed of and agree in writing to be subject to the provisions of this Order requiring that the documents and information be held in confidence.

    e. Disclosure may be made to the Court (or other adjudicative body) and jury in the course of judicial or other legal proceedings in this case (including any appeals).

  5. Except as provided in Paragraph 4 above, the parties shall keep all documents subject to this Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

  6. The failure to designate information in accordance with this Order or the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.

7. A designation of confidentiality may be challenged upon motion. The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality.

8. Any documents (including briefs), tangible things or information designated as "CONFIDENTIAL" that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial may retain their protected confidential status only by order of the Court. The party intending to make such filing shall file a motion with the Court requesting that the Court permit that such attachment, or filing quoting such document, be filed under seal. The parties agree that the opposing party shall join in any reasonable motion that such filing be made under seal.

9. At the conclusion of the litigation or other legal proceeding, including any appeals, all material treated as subject to this Order and not received in evidence shall be returned to the originating party upon request by the originating party. If the parties so stipulate, or if the originating party does not make a request for return of the information, the material may will be destroyed instead of being returned. The Court or other adjudicative body may return to counsel for the parties or destroy any sealed material at the end of the litigation or other legal proceeding.

IT IS SO ORDERED this <u>Ninth</u> day of <u>June, 2020</u>.

<u>s/Sharon L. Ovington</u><br>
United States Magistrate Judge

Agreed to by:

| | |
|---|---|
| /s/ Thomas M. Green, Esq. | /s/ Matthew T. Gomes, Esq. |
| GREEN & GREEN, LAWYERS, A LEGAL PROFESSIONAL ASSOCIATION | WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC |
| Thomas M. Green (0016361) | Nicholas P. Panayotopoulos* |
| 800 Performance Place | Matthew T. Gomes* |
| 109 North Main Street | 3344 Peachtree Road, NE, Suite 2400 |
| Dayton, OH 45402-1290 | Atlanta, GA 30326 |
| Tel: (937) 224-3333 | Tel: (404) 876-2700 |
| Fax: (937) 224.4311 | Fax: (404) 875-9433 |
| Email: tmgreen@green-law.com | E-mail: npanayo@wwhgd.com |
| | E-mail: mgomes@wwhgd.com |
| Attorneys for Plaintiff | *Admitted pro hac vice |

Nicholas J. Dertouzos (0071018)
Nicola, Gudbranson & Cooper, LLC
25 West Prospect Ave.
Republic Building, Suite 1400
Cleveland, OH 44115
Tel: (216) 377-1548
Fax: (216) 621-3999
E-mail: dertouzos@nicola.com

Attorneys for Defendant Whatever It Takes Transmissions & Parts, Inc.

/s/ D. Jeffrey Ireland, Esq.
FARUKI PLL
D. Jeffrey Ireland (0010443)
Christopher C. Hollon (0086480)
110 North Main Street, Suite 1600
Dayton, OH 45402
Tel: (937) 227-3710
Fax: (937) 227-3717
E-mail: djireland@ficlaw.com
E-mail: chollon@ficlaw.com

Attorneys for Defendant Troy Eakins